400 A.2d 590

**ESTATE OF Edward L. FRIEDMAN, Deceased.**

**APPEAL OF Beatrice FRIEDMAN.**

**Beatrice FRIEDMAN, Appellant,**

v.

**Richard SCHOOLMAN.**

Supreme Court of Pennsylvania.

May 9, 1979.

For majority opinion, see 398 A.2d 615.

DISSENTING STATEMENT OF MR. JUSTICE
ROBERTS FROM DENIAL OF APPLICATION
FOR REARGUMENT.

ROBERTS, Justice, dissenting.

The refusal to grant the widow's Application for Reargument on this record of monumental injustice and manifest legal and factual error compels dissent. Only a few of the gallimaufry of errors requiring reconsideration are discussed in my dissenting opinion of November 18, 1978, joined by Mr. Justice Larsen. Petitioner's Application raises several strong and compelling reasons for reargument:

"1. This Court's decision in the present case represents the first time in Pennsylvania jurisprudence that an antenuptial agreement was used to defeat the clear

intent of the decedent with regard to the disposition of his estate.

2.  This Court's decision in the present case misapprehends prior controlling decisions of this court requiring that a party to an antenuptial agreement be able to act with 'intelligence and proper apprehension,' and this Court's decision in the present case also misapprehends the record with regard to the circumstances surrounding the signing of the agreement involved here.

3.  This Court's opinion in the present case misapprehends the record with regard to the evidence of a contract to make a will.

4.  This Court's opinion holding that appellant is barred from testifying under the Dead Man's Act is inconsistent with this Court's opinion of October 27, 1978, in *In re Estate of McClain*, [481 Pa. 435, 392 A.2d 1371 (1978)] which holds that all parties claiming the property of a decedent, whether by will or by operation of law, are competent to testify under the Dead Man's Act.

5.  This Court's opinion erroneously states that appellant waived her right to present testimony under the specific statutory exception to the Dead Man's Act which permits a widow to testify with regard to her alleged waiver of her widow's exemption."

By refusing to grant reargument here the majority disregards both the undisputed facts of record and the controlling precedents of this Court. See Rule 2543, Pa.R.App.P. The result is a patchwork of judicial misadventure in dire need of reconsideration not only to correct injustice in the present case but also to prevent serious insult and damage to our established jurisprudence.

I dissent from the majority's refusal to grant the Application.

LARSEN, J., joins in this dissent.